IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH WRIGHT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RYOBI TECHNOLOGIES, INC, et al. | : | NO. 15-1100 |

ORDER

AND NOW, this 30th day of March, 2016, upon consideration of defendants Ryobi Technologies, Inc., Techtronic Industries North America, Inc., and One World Technologies, Inc.'s motion for summary judgment (docket entry #32), plaintiff Kenneth Wright's response in opposition thereto, defendants' reply brief, plaintiff's petition for leave to file a sur-reply brief (docket entry #50), and defendants' response in opposition thereto, and for the reasons set forth in our Memorandum issued this day in this case, it is hereby ORDERED that:

1. Defendants' motion for summary judgment (docket entry #32) is GRANTED IN PART and DENIED IN PART;

2. Defendants' motion for summary judgment with respect to plaintiff's strict liability and negligence claims regarding the unfriendly nature of the blade guard assembly is GRANTED;

3. Defendants' motion for summary judgment with respect to plaintiff's strict liability and negligence claims for failure-to-warn is GRANTED;

4. Defendants' motion for summary judgment with respect to plaintiff's claim for punitive damages is GRANTED;

5. Defendants' motion for summary judgment with respect to plaintiff's strict liability and negligence claims for design defect is DENIED;

   6. Plaintiff's strict liability and negligence claims in the amended complaint regarding the unfriendly nature of the blade guard and failure-to-warn and claim for punitive damages are all DISMISSED WITH PREJUDICE;

   7. Plaintiff's petition for leave to file a sur-reply brief (docket entry #50) is GRANTED;

   8. The Clerk of Court shall DOCKET Exhibits A, B, C, D, and E of plaintiff's petition for leave to file a sur-reply brief;

   9. In accordance with Local R. Civ. P. 72.1 and 28 U.S.C. § 636(b)(3), this case is REFERRED to the Honorable Jacob P. Hart to attempt to resolve the remaining claims in this matter;

   10. The parties shall COOPERATE in accordance with Judge Hart's instructions;

   11. The Clerk of Court shall TRANSFER this case from our Active docket to our Civil Suspense docket pending the outcome of discussions before Judge Hart; and

   12. Further scheduling shall ABIDE the outcome of those discussions.

            BY THE COURT:

             /s/ Stewart Dalzell, J.
            Stewart Dalzell, J.